UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL ROLL, LLC,

       Plaintiff,                                     Civil Action No.
                                                  09-CV-14705

vs.

                                                  PAUL D. BORMAN
SEVERSTAL WARREN, INC., et al.,          UNITED STATES DISTRICT JUDGE

       Defendants.
_____/

## ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT

This matter is presently before the Court on the Court's own review of the Complaint. In its Complaint, Plaintiff states that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. No other basis for jurisdiction is stated or apparent.

As stated by the United States Supreme Court,

> [f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. For that reason, every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it.

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citations omitted). "Section 1332's congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Plaintiff in this case is a limited liability company. "The general rule is that all unincorporated entities–of which a limited liability company is one–have the citizenship of each

1

partner or member." *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). According to the Complaint in this matter, "Plaintiff, Federal Roll, LLC . . . is a Michigan company in good standing, residing and doing business in Jackson County, Michigan." Compl. at ¶ 1. Because Plaintiff does not state the citizenship of each of its partners or members in its Complaint, the Court cannot evaluate whether it enjoys diversity jurisdiction over this matter. Accordingly, within ten days of today's date, Plaintiff shall file an amended complaint in which it cures this deficiency. Failure to comply with this order in a timely manner will result in the dismissal of this case.

Additionally, the Courts notes that if Plaintiff is a Michigan citizen, as Plaintiff perhaps meant to suggest in its Complaint, then complete diversity is lacking in this case. According to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendants are three separate corporations and one limited liability company. According to the Complaint, Defendants Severstal Dearborn, Inc. and OAO International, Inc. are both Delaware corporations with their principal places of business in Michigan. *See* Compl. at ¶¶ 3, 7. As such, both are Michigan citizens for the purposes of § 1332. If one or more of Plaintiff's members or partners are Michigan citizens for diversity purposes, Plaintiff shall show cause within ten days of today's date why this matter should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

                               S/Paul D. Borman  
                               PAUL D. BORMAN  
                               UNITED STATES DISTRICT JUDGE

Dated: December 10, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 10, 2009.

                               S/Denise Goodine  
                               Case Manager